### UNITED STATES v. R. F. DOWNING & CO.

(Circuit Court, S. D. New York. November 3, 1904.)

#### No. 3,457.

CUSTOMS DUTIES—CLASSIFICATION—PARAFFIN—PETROLEUM PRODUCTS—COUNTERVAILING DUTY.

Certain paraffin was imported from Germany, where it was manufactured from petroleum produced in Russia, both of which countries impose a duty on petroleum and paraffin when imported from the United States. Under paragraph 626, Tariff Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 199 [U. S. Comp. St. 1901, p. 1685], which, with regard to "crude petroleum or the products of crude petroleum, produced in any country which imposes a duty on petroleum or its products exported from the United States," provides that a countervailing duty shall be levied "upon said crude petroleum or its products so imported equal to the duty imposed by such country," *held,* that such countervailing duty should be based on the duty imposed by the country of production of the petroleum (Russia), and not of the paraffin (Germany), on petroleum or its products imported from the United States.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision in question, which is known as G. A. 5,470, T. D. 24,778, reversed the assessment of duty on merchandise imported by R. F. Downing & Co. into the port of New York. It related to the construction of the proviso in paragraph 626, Tariff Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 199 (U. S. Comp. St. 1901, p. 1685), providing for a countervailing duty on petroleum and its products, in the following terms: "Provided, that if there be imported into the United States crude petroleum, or the products of crude petroleum, produced in any country which imposes a duty on petroleum or its products exported from the United States, there shall in such cases be levied, paid, and collected a duty upon said crude petroleum or its products so imported equal to the duty imposed by such country." The merchandise consisted of paraffin manufactured in Germany from petroleum produced in Russia. Both of these countries impose a duty on petroleum and on paraffin

when imported from the United States. The question to be decided was whether the duty to be levied on the paraffin under consideration should equal the rate imposed by the country of manufacture (Germany) on like merchandise when imported from the United States, or that imposed by the country of production of the petroleum (Russia). The collector of customs adopted the first of these alternatives, against the contention of the importers that he should have applied the rate imposed by Russia on petroleum or its products imported from the United States.

In a previous decision (Re Vacuum Oil Company, G. A. 4,853, T. D. 22,763) the board had considered a somewhat similar state of facts, the only difference from the present case being that the paraffin then in question was made in, and imported from, England, which country imposes no duty on petroleum or its products when imported from the United States. It was there held that the countervailing duty should equal that imposed by Russia, the country of origin of the petroleum from which the paraffin was produced, on petroleum imported into that country from the United States; and it was observed by the board, per Fischer, General Appraiser: "The fact being admitted that the crude oil from which this product was made was produced in Russia, a country imposing a duty upon petroleum imported from the United States equivalent to the rate assessed in this case, the only question to be determined is whether the fact that the oil was refined in England removes it from the operation of the proviso. We are clearly of opinion that it does not. A careful reading of the proviso shows that Congress did not speak of the origin of the products made from crude petroleum, but only of the origin of the crude petroleum from which the products were made. The article before us is a product of crude petroleum produced in Russia, and therefore is one of the very articles covered by the language of the proviso, namely, a product 'of crude petroleum produced in a country which imposes a duty,' etc. The clear intent of the law is to impose a countervailing duty against the country producing the crude oil, and not against a country producing something from that crude oil." Following the conclusion in that case, the Board sustained the importers' contention, namely, that the Russian rate governed. The government thereupon brought these proceedings for review.

Charles D. Baker, Asst. U. S. Atty.
Albert Comstock, for the importers.

HAZEL, District Judge. The decision of the Board of General Appraisers is affirmed. So ordered.